# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DOUGLAS WILLIAM JAMISON,

        Defendant-Appellant.

UNPUBLISHED
April 17, 2018

No. 337602
Bay Circuit Court
LC No. 09-010801-FH

---

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of delivery or manufacture of marijuana (less than 5 kilograms or fewer than 20 plants), MCL 333.7401(2)(d)(*iii*), felon in possession of a firearm (felon-in-possession), MCL 750.224f, and two counts of possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 58 months to 15 years for his delivery or manufacture of marijuana conviction and 58 months to 25 years for his felon-in-possession conviction, to be served consecutively to concurrent two-year terms of imprisonment for his felony-firearm convictions. Defendant appealed his conviction to this Court, which affirmed,[1] and the Supreme Court denied leave to appeal.[2] Defendant moved for post-conviction relief from judgment under MCR 6.500, which the trial court denied. This Court denied defendant's application for leave to appeal.[3] The Supreme Court also denied leave to appeal but vacated defendant's sentence and remanded to the trial court for resentencing with appropriate corrections to reflect the proper scoring of zero points for offense variables (OVs) 9 and 19.[4] On

---

[1] *People v Jamison*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2012 (Docket No. 303882).

[2] *People v Jamison*, 493 Mich 857 (2012).

[3] *People v Jamison*, unpublished order of the Court of Appeals, issued November 7, 2014 (Docket No. 323391).

[4] *People v Jamison*, 499 Mich 980 (2016).

resentencing, a newly assigned trial judge imposed the same sentences. Defendant appeals as of right. We affirm.

## I. BACKGROUND

At defendant's first sentencing hearing in 2011, defense counsel objected to the inclusion of a statement made by a former cellmate of defendant in the presentence-investigation report (PSIR). The cellmate stated that defendant, while imprisoned, had threatened to kill the prosecutor once released. The trial court, having personal knowledge of the cellmate, questioned the trustworthiness of his statement and elected to delete the statement from the PSIR. This left no basis on which to assess offense variable (OV) 19 (interference or attempt to interfere with the administration of justice, MCL 777.49) above zero points. It appears, however, that no correction was made to the PSIR.

Defendant also objected to assessing OV 9 (the number of victims, MCL 777.39) at 10 points, arguing that defendant never aimed directly at defendant's uncle and defendant's next-door neighbor, and that they were never at risk of physical injury when they observed defendant discharging a firearm. Both victims had reported, however, that they were in the proximity of potential danger because of how close to them the barrel was pointed. The trial court determined that they were placed in danger of physical injury sufficient to assess 10 points for OV 9. The trial court determined that the guidelines range for defendant's minimum sentence was 14 to 58 months, and sentenced defendant at the top of the guidelines range to a minimum of 58 months for the count of delivery or manufacture of marijuana and the count of felon-in-possession.

In vacating defendant's sentence and remanding for resentencing, the Supreme Court concluded that the trial court "erred in assigning points for Offense Variables 9 and 19 (OV 9 and OV 19), MCL 777.39 and MCL 777.49, respectively, which changed the defendant's guidelines range." *People v Jamison*, 499 Mich 980 (2016).

On remand before a new judge (the prior judge having retired), the trial court confirmed that the minimum sentencing-guidelines range was 9 to 46 months—reflecting the change in assessing OV 9 and OV 19 at zero points each and placing defendant in the E-I class of offenses. The trial court then imposed the same sentences, stating:

> Well, this was a very serious and dangerous situation, Mr. Jamison. Your record is not good. Your record, during the course of this case, has not been good; both in threatening the prosecuting attorney and in numerous infractions while incarcerated with the Michigan . . . Department of Corrections . . . . I agree with the prosecution. I'll consider the guidelines, but they don't take a lot into account, including the threat that was made and your record in prison, it is not good, and I'll consider the ends of justice and mercy and the need to protect society to rehabilitate you and punish you.

Defendant objected to the trial court's decision to consider the threat defendant had allegedly made against the prosecutor, arguing that he never made such a threat. The trial court responded, "Well, I understand your position. Frankly, I would give you the exact same sentence even without the threat to the prosecutor."

This appeal followed.

## II. ANALYSIS

This Court reviews issues of upward departures from the advisory sentencing guidelines for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In so reviewing, this Court may reverse if the sentence imposed was an abuse of discretion. *People v Steanhouse*, 500 Mich 453,471; 902 NW2d 327 (2017). A sentence is unreasonable—and thus, an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant. *Id*. at 474. Sentences imposed by trial courts must be proportionate to the seriousness of the circumstances surrounding the crime and the defendant. *Id*.; *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). The trial court must consult the guidelines and take them into consideration when sentencing. *Lockridge*, 498 Mich at 391. To facilitate appellate review, the trial court must give justification for the sentence imposed. *Id*. at 392.

Defendant argues that the trial court, in imposing the exact same sentence upon defendant, failed to sentence him reasonably and in proportionality to the underlying crimes committed. Defendant suggests that the trial court cited two primary reasons for deviating upwards from the sentencing guidelines: (1) defendant's record of offenses incurred in prison; and (2) the alleged threat that defendant made against the prosecutor's life while in prison. Defendant argues that the alleged threat was determined by both the Supreme Court and the original sentencing judge to be an improper consideration in assessing the sentencing guidelines, and that the trial court's apparent reliance on the alleged threat rendered the sentence unreasonable.

The principle of proportionality requires that sentences imposed by trial courts must be proportionate to the seriousness of the circumstances surrounding the crime and the defendant. *Steanhouse*, 500 Mich at 474; *Milbourn*, 435 Mich. at 636. "The key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. Appropriate factors that may be considered by the trial court in keeping with the principle of proportionality include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (internal citation and notation omitted).]

The first reason cited for the departure, the alleged threat, has been a contested topic throughout this case. The record shows that the original trial judge decided that the appropriate assessment for OV 19 was zero points. At resentencing, the trial court concluded that the original decision regarding OV 19 was binding. Defendant argues that the trial court therefore had no authority to consider the alleged threat in sentencing defendant and ignored binding authority from the original judge and the Supreme Court by doing so.

At resentencing, the assessments for OVs 9 and 19 were reduced to zero points, and the pertinent sentencing-guidelines range for defendant was adjusted from Class F-III to Class E-I. In this way, defendant received the reduction in the advised sentencing range that was contemplated by both the original judge and the Supreme Court. This reduction, however, does not preclude the trial court from sentencing outside the parameters of the sentencing guidelines when it is reasonable to do so. The trial court may consider multiple factors when sentencing outside the bounds of sentencing guidelines to reach a sentence within the bounds of proportionality. *Walden*, 319 Mich App at 352-353. Among those are "factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Id*. (internal quotation marks and citation omitted).

Although the issue of the scoring assessment was remedied, the trial court may have erred by in considering defendant's alleged threat. If a factor could have been accounted for in assessing offense variables to determine the minimum sentencing range under the sentencing guidelines, but was not, it is generally improper to use that factor to justify an upward departure from the sentencing-guidelines range. See *People v Dixon-Bey*, 321 Mich App 490, ___; ___ NW2d ___ (2017); slip op at 19-20. Here, because defendant's alleged threat could have been assessed under OV 19, but was not, *Dixon-Bey* appears to preclude the trial court from considering it to support an upward departure from the sentencing-guidelines range.

Even assuming arguendo that the trial court should not have considered the alleged threat, we find such error harmless in the context of this sentencing. *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 529; 730 NW2d 481 (2007); MCR 2.613(A). Importantly, the trial court's sentence did not rest solely on defendant's alleged threat. During resentencing, the trial court stated:

> Well, this was a very serious and dangerous situation, Mr. Jamison. *Your record is not good. Your record, during the course of this case, has not been good;* both in threatening the prosecuting attorney and in numerous infractions while incarcerated with the Michigan . . . Department of Corrections (emphasis added).

The trial court referenced defendant's criminal record, which is extensive, dating back to April 1981. This was an appropriate consideration for departure. See *Walden*, 319 Mich App at 353-354. Moreover, the trial court made reference to the many infractions that defendant has accumulated in prison since 2011, including: two counts of disobeying a direct order—class II; one count of substance abuse—alcohol; four counts of out of place or bounds/AWOL—class II; one count of threatening behavior; one count of minor misconduct; two counts of possession of dangerous contraband; two counts of possession of dangerous weapon; one count of assault and battery—prisoner victim; two counts of destruction or misuse of property—class II; and one count of insolence—class II. Defense counsel offered explanations as to some of these items that would suggest that perhaps defendant was unfairly provoked or that he was not entirely at fault. Regardless, the multitude of infractions is extensive, and defendant's conduct while in custody is a factor that was also appropriately considered during resentencing. See *id*.

Moreover, that the trial court also referenced defendant's alleged threat is not determinative given the trial court's subsequent statement that it would have sentenced defendant

in the same way even if the alleged threat were not considered. Any weight given to the alleged threat is therefore harmless error. See *Ypsilanti Fire*, 273 Mich App at 529.

As required under *Lockridge*, the trial court justified the sentence it imposed on the record. The trial court indicated that it would take into account the relevant guidelines—which *Lockridge* also requires—but that the guidelines did not adequately account for defendant's criminal history, prison infractions, and alleged threat made regarding the prosecutor. Even assuming arguendo that the trial court was precluded from considering the alleged threat, defendant's criminal history and lengthy list of prison infractions adequately justify the trial court's nine-month upward departure from the sentencing-guidelines range. The sentence was reasonable, and it was not an abuse of discretion.

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle